IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Tamar D. Harvey** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:20cv605 (TSE/TCB)** |
| | ) | |
| **Sergeant Hobbs, et al.,** | ) | |
| **Defendants.** | ) | |

ORDER

Virginia state prisoner Tamar Harvey initiated this civil rights action under 42 U.S.C.

§ 1983 alleging a litany of violations of his constitutional rights.  See Dkt. No. 1.  He seeks over

$40 million in monetary damages for these claimed wrongs.  Id.  Because plaintiff is

incarcerated, his complaint must be screened to determine whether it is frivolous, malicious, or

fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A.  As explained

below, plaintiff's complaint is deficient in a number of capacities.  Accordingly, defendant's

complaint will be dismissed but, in deference to his pro se status, plaintiff shall be afforded an

opportunity to amend his complaint.

**I.**

Plaintiff's handwritten complaint is forty-three pages long and accompanied by hundreds

of pages of documentary exhibits.[1]  The document is organized neither chronologically nor by

---

[1] To the extent plaintiff believes the contents of those exhibits cure the deficiencies highlighted below, he is incorrect.  This is because Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P 8(a)(2).  It is the plaintiff's burden to allege facts that support his claims; he cannot expect the Court or the named defendants to parse through his filings in search of a viable claim.  See, e.g., Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (observing that a complaint such as plaintiff's "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes

category of legal claim.  It names thirty unique defendants and spans events from February 2018 to the present.  Furthermore, plaintiff provides little by way of contextual detail in each of the twenty-five claims he attempts to state.  Consequently, the document as presented is borderline incomprehensible and requires very significant amendment before it may be served on the named defendants.

The recounting of facts that follows only loosely resembles plaintiff's complaint but represents the Court's best effort to organize plaintiff's allegations and legal claims in a coherent manner.  Plaintiff was allegedly incarcerated at Greensville Correctional Center between February 2018 and March 2020.  Dkt. No. 1.  During that time, plaintiff routinely took issue with the diet he was fed.  He claims, for instance, that defendant Clay, a food service official, fed him sour milk and raw, rotten potatoes in May of 2018.  Dkt. No. 1, p. 14.  He further states that, for the duration of his time at Greensville, he was fed "highly process meat [sic]" that has led to "serious bodily issues."  Id. at pp. 28-29.  Indeed, plaintiff suggests the diet he has been fed has led to the development of "chronic hemorrhoids with anus bleeding," a problem exacerbated by defendants Coleman, Holloway, Bailey, and Clarke's alleged denial of adequate recreation time. Id. at p. 10.  Plaintiff believes that the "lack of proper exercise caused backed-up feces to become lodged inside of [his] intestinal tracks [sic] causing [him] serious bodily injuries."  Id.

The denial of adequate recreation time is but one of plaintiff's grievances with regard to the conditions of his confinement.  Plaintiff also argues that defendants Hobbs and Woodbury violated his rights under the Eighth Amendment when they refused to issue him a pillow for use

---

a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors").

in his cell. Id. at p. 24.  This, plaintiff suggests, could have led to "serious medical injuries to [his] neck and back" had plaintiff not secured a pillow from another inmate. Id. at p. 25.

External to these issues, plaintiff asserts that defendants have on multiple occasions retaliated against him for filing grievances with respect to their alleged actions.  Plaintiff claims, for example, that he was transferred to different cell blocks in retaliation for filing grievances and attempting to file suit against several defendants in state court.  He specifically claims that in May 2019, his television was stolen, his complaint regarding the issue was "intercepted," and that defendants Green, Coleman, Warren, and Jones then moved him to a new pod. Id. at p. 21. He also claims that, on different occasions, defendants Coleman, Barnes, Green, and Hobbs were responsible for "ransacking" plaintiff's cell, allegedly in a retaliatory fashion. Id. at pp. 12-13, 23-24.  Plaintiff claims in other instances that several defendants either discarded his grievances or forged his signature. See, e.g., id. at pp. 18-19, 34-36.

Plaintiff also suggests that his right to access the court system has been thwarted by defendants in a number of ways.  He states, for instance, that in June 2018, defendant Barns refused to make plaintiff copies for a § 1983 suit he initiated with respect to his time at Augusta Correctional Center. Id. at p. 11.  He alleges that, in December 2018, defendant Warren opened and refused to return his legal mail. Id. at p. 16.

Finally, plaintiff repeatedly returns to a particular incident in which he was allegedly served a food tray containing a spider.  Plaintiff claims that he was served the spider as the result of a conspiracy between several staff members at Greensville Correctional Center.  Specifically, he claims that defendant Hobbs "direct[ed] … a kitchen worker to put the dead spider in [his] collared [sic] greens," which led to plaintiff vomiting and suffering stomach issues and migraines. Id. at p. 22.  Plaintiff claims that defendant Robinson played a role in this scheme and

that defendants Thigpen and Shaw failed to offer plaintiff medical assistance in the aftermath of the event. Id. at pp. 26, 37. Plaintiff suggests that defendants Bonner, Delbridge, and Herrick further denied his HIV and blood pressure medications in June 2019. Id. at pp. 33-34.

## II.

### A.

As an initial matter, it is clear that several defendants named by plaintiff are subject to summary dismissal from this action. Greensville Correctional Center, for one, is not a "person" for the purposes of § 1983 litigation and is thus properly dismissed.[2] See Sweet v. Northern Neck Regional Jail, 857 F. Supp. 2d 595, 597 (E.D. Va. 2012) ("Since the [Northern Neck Regional Jail] is not a "person" ... plaintiff's claim against it is subject to dismissal pursuant to § 1915A(e)(2)(B)(ii)."). Second, both the Virginia Department of Corrections and the Commonwealth of Virginia are immune from suit by virtue of the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that states are not suable under § 1983 due to Eleventh Amendment immunity); Yost v. Young, 892 F.2d 75, 1989 WL 152515, at *1 (4th Cir. Dec. 7, 1989) ("We ... hold that the district court correctly dismissed ... the Virginia Department of Corrections ... on eleventh amendment immunity grounds.").

Initial review of the complaint also suggests that plaintiff's claims are not all properly joined in this action. Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." But when a party seeks to bring

---

[2] Nor does Armor Correctional Health Services constitute as a "person" for the purposes of § 1983 litigation. Nevertheless, private corporations such as Armor may be held liable in a § 1983 suit where a plaintiff can demonstrate a corporate "policy or custom gave rise to the harm" alleged. See Glisson v. Indiana Dep't of Corrs., 849 F.3d 372, 279 (7th Cir. 2017). Although plaintiff has not alleged facts supporting such a finding in this case, he has been invited to amend his complaint and may provide such facts—to the extent they exist—in his amended pleadings.

multiple claims against multiple defendants he must also satisfy Federal Rule of Civil Procedure 20, which provides:

> (2) **Defendants**.  Persons ... may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

"Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present [] entirely different factual and legal issues." Sykes v. Bayer Pharmaceutical Corp., 548 F.Supp.2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)).

Here, in contravention of Rule 20, plaintiff has raised at least one claim that bears no relation to majority of the others except to the extent that each claim allegedly occurred at Greensville Correctional Center.  In Claim 5 of his complaint, plaintiff asserts that defendants Spates, Jane Doe #1, and Jane Doe #2 exhibited deliberate indifference when they failed to prevent him from being attacked by a fellow inmate.  See Dkt. No. 1, p. 15.  This is the only claim raised against these three defendants and is unrelated to plaintiff's other claims, which deal primarily with the quality of the food he was served, claims of First Amendment retaliation, access to courts, and deliberate indifference to medical needs.  If plaintiff wishes to pursue his claim against defendant Spates and Jane Doe #1 and #2, he must allege additional facts that illustrate this claim's relation to the others raised in the instant suit or pursue this claim in an independent civil suit.

## B.

Plaintiff's properly joined allegations are logically construed as seeking relief under the following legal theories: (1) Eighth Amendment claims based on plaintiff's conditions of confinement; (2) Eighth Amendment claims based on defendants' alleged deliberate indifference to serious medical needs; (3) First Amendment retaliation claims; and (4) First Amendment claims based on alleged denial of access to the courts. These claims shall be addressed in turn.

Several of plaintiff's factual allegations are most logically construed as supporting claims based on the conditions of confinement at Greensville Correctional Center. Specifically, plaintiff's claims with respect to his alleged denial of recreation time, the poor quality of food service, and denial of a pillow are analyzed under this framework. Whether an inmate's conditions of confinement amount to "cruel and unusual punishment" must be measured against "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). An Eighth Amendment conditions of confinement claim has (1) "objective" and (2) "subjective" components. Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016).

To satisfy the "objective" prong, a plaintiff inmate must "demonstrate that 'the deprivation alleged [was], objectively, sufficiently serious.'" Id. at 225. "To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of serious harm resulting from … exposure to the challenged conditions.'" Id. (quoting De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003)). To satisfy the "subjective" prong in an Eighth Amendment case, a plaintiff challenging his conditions of confinement must demonstrate that prison officials acted with "deliberate indifference." Scinto, 841 F.3d at 225. "To prove

6

deliberate indifference, plaintiffs must show that 'the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Id.

Plaintiff's allegations with respect to the quality of his food fail to support an Eighth Amendment claim.[3]  Plaintiff highlights one instance in which he was served sour milk and raw potatoes. See Dkt. No. 1.  He also alleges that he was routinely served processed meat. Id. Although unappetizing, plaintiff's provision of these meals does not rise to the level of a constitutional violation. See, e.g., Lunsford v. Reynolds, 376 F. Supp. 526, 528 (W.D. Va. 1974) (allegations of bugs in food failed to state an Eighth Amendment violation); Gardner v. Devenyns, No. CIV.A. JKB–11–2725, 2012 WL 706850 (D. Md. Mar. 2, 2012) (inmate being repeatedly served spoiled milk was not a constitutional violation), aff'd, 474 F. App'x 378 (4th Cir. 2012); Reed v. Olson, No. 4:09–CV–3126–JFA–TER, 2011 WL 765559, at *3–4 (D.S.C. Jan. 19, 2011) (no Eighth Amendment violation where inmate alleged "that the food is often contaminated with hair, rocks, various pieces of steal [sic] particles, and bugs, both alive and dead").  If plaintiff has omitted facts relevant to this claim, he may allege them in an amended complaint.

Next, at several points in his complaint, plaintiff asserts that defendants—medical professionals and lay people alike—were deliberately indifferent to his serious medical needs. To state an Eighth Amendment claim relating to medical care in prison, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Thus, plaintiff must allege two distinct elements to support a claim.  First, he must allege a sufficiently serious medical need.  A need is

---

[3] Plaintiff has, however, provided sufficient detail with respect to his claims based on the denial of a pillow and the denial of recreation time.  If he chooses to amend his complaint, he is directed to reallege the facts relevant to those claims.

sufficiently serious if it "has been diagnosed by a physician as mandating treatment or one that is
so obvious that even a lay person would easily recognize the necessity for a doctor's attention."
Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

      Second, plaintiff must allege that the defendant was deliberately indifferent to his serious
medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence
or even malpractice is not sufficient to state an Eighth Amendment violation. See Estelle, 429
U.S. at 106. Instead, "an official acts with deliberate indifference if he had actual knowledge of
the prisoner's serious medical needs and the related risks, but nevertheless disregarded them."
DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (citing Scinto v. Stansberry, 841 F.3d 219,
225-26 (4th Cir. 2016)). Significantly, a prisoner's disagreement with medical personnel over
the course of his treatment is inadequate to state a cause of action. Wright v. Collins, 766 F.2d
841, 849 (4th Cir. 1985); see also United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).
"[T]o establish a claim of deliberate indifference against non-medical prison personnel, a
plaintiff must demonstrate that the official was personally involved in the treatment or denial of
treatment, or that they deliberately interfered with the treatment, or that they tacitly authorized or
were indifferent to the medical provider's misconduct." Ballenger v. Crawford, No.
3:15cv12558, 2016 WL 8710023, at *9 (S.D.W. Va. Aug. 5, 2016) (citing Miltier v. Beorn, 896
F.2d 848, 854 (4th Cir. 1990)). Plaintiff has alleged sufficient facts with respect to his medical
claims and is thus advised to reallege the facts in support of these claims in his amended
complaint.

      Next, plaintiff argues in a conclusory fashion that several defendants retaliated against
him for his decision to file grievances or civil lawsuits against them. To prevail as to a First
Amendment retaliation claim, a prisoner-plaintiff must show (1) that he engaged in protected

First Amendment activity, (2) that the defendant took some action that adversely affected his First Amendment rights, and (3) that there was a causal relationship between his protected activity and the defendant's conduct.  <u>Martin v. Duffy</u>, 858 F.3d 239, 249 (4th Cir. 2017).  In each instance plaintiff raises a retaliation claim, his allegations are insufficient in that they fail to allow for an inference that there existed a causal connection between his actions and the defendants' conduct.  Plaintiff may allege additional facts with respect to this element in an amended complaint.

Plaintiff finally claims that several defendants have acted to thwart his ability to participate in his ongoing legal proceedings in the Western District of Virginia.  Such allegations are most logically construed as "access to courts" claims.  Inmates have a constitutional right to reasonable access to the courts.  To state an access to courts claim, a plaintiff must demonstrate that prison officials have frustrated or impeded a nonfrivolous legal claim such that they have caused him or her "actual injury."  <u>Lewis v. Casey</u>, 518 U.S. 343, 353 (1996).  An "actual injury" requires a plaintiff to suffer "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim."  <u>Id.</u> at 348.  Here, the complaint makes no allegations that plaintiff suffered an actual injury due to defendants' actions.[4]  Plaintiff may allege additional facts should he decide to file an amended complaint.

---

[4] And to the extent plaintiff seeks to raise an independent claim based on defendants' alleged tampering with his mail, he has not alleged sufficient facts.  Indeed, standing alone, the isolated incidents of mail mishandling alleged do not rise to the level of a constitutional violation.  <u>See</u> <u>Buie v. Jones</u>, 717 F.2d 925, 926 (4th Cir. 1983) ("a few isolated instances of plaintiff's [legal] mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct … were not of constitutional mandate.");  <u>Pearson v. Simms</u>, 345 F. Supp. 2d 515, 519 (D. Md. 2003), <u>aff'd</u>, 88 F. App'x 639 (4th Cir. 2004) ("occasional incidents of delay or non-delivery of mail" are not actionable under § 1983).

## C.

In summary, plaintiff's complaint—utterly devoid of any meaningful organization—requires amendment before it is served on the named defendants.  With respect to the majority of the claims plaintiff attempts to raise, he has not provided sufficient factual allegations to substantiate or support his claims.  Other claims are misjoined in this action.  In that light, plaintiff shall be afforded an opportunity to amend his pleadings.  He is encouraged to structure his amended complaint either chronologically or by category of claim and to consider the legal standards discussed throughout this order.  Plaintiff's amended complaint, too, shall be screened, and its deficient claims dismissed before service is ordered in this matter.

Accordingly, it is hereby

ORDERED that plaintiff's claims against the Greensville Correctional Center, the Virginia Department of Corrections, and the Commonwealth of Virginia be and are DISMISSED WITH PREJUDICE for failure to state a claim; and it is further

ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 and an administrative fee of $50.00, pursuant to 28 U.S.C. § 1914(a); and it is further

ORDERED that plaintiff's request to proceed in forma pauperis is conditionally granted to the extent that plaintiff need not prepay the filing fee at this time.  If plaintiff still wishes to proceed without prepayment of fees in this action, he must sign and return the attached Consent Form within thirty (30) days of this order's issuance.  If the Court grants plaintiff in forma pauperis status, plaintiff will be required to pay the filing fee in installments after first paying an initial filing fee; the administrative fee will be waived; and it is further

ORDERED that the Clerk request plaintiff's institution to provide an Inmate Account Report Form on plaintiff within thirty (30) days of the date of this Order; and it is further

ORDERED plaintiff be afforded thirty (30) days from the date of this Order to submit an amended complaint using the enclosed standardized §1983 complaint form (i) naming every person he wishes to include as a defendant and (ii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the injuries received, the reasons why he believes each defendant is liable to him, and the remedies sought. Plaintiff is advised to reallege all facts with respect to the claims for which he has already provided sufficient support. Those claims have been listed in the body of this order. Additionally, plaintiff must include his civil action number, 1:20cv605 (TSE/TCB), on the first page of his amended complaint and is advised that this amended complaint will serve as the sole complaint in this civil action; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, or failure to notify this Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b).

The Clerk is directed to send a copy of this Order, a standardized § 1983 complaint form, and a Consent Form to plaintiff, as well as a copy of this Order and the Inmate Account Report Form to plaintiff's current institution of confinement.

Entered this ____15th____ day of ____July____ 2020.

Alexandria, Virginia

11

/s/
T. S. Ellis, III
United States District Judge